| | | |
|---|---|---|
| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>CIVIL SUMMONS | Case #: 21-CI-00691<br>Court: **CIRCUIT**<br>County: **HENDERSON** |

*Plantiff,* **CURTIS, RYAN VS. GUARDIAN AKA GUARDIAN LIFE INSURANCE CO,** *Defendant*

TO: **GUARDIAN AKA GUARDIAN LIFE INSURANCE CO J**
**P.O. BOX 14319**
**LEXINGTON, KY 40512**

The Commonwealth of Kentucky to Defendant:
**GUARDIAN AKA GUARDIAN LIFE INSURANCE CO**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Herbert McKee, Jr.
Henderson Circuit Clerk
Date: **12/3/2021**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____          Served By _____

                                   Title _____

Summons ID: 410598527619161@00000150786
CIRCUIT: 21-CI-00691 Certified Mail
CURTIS, RYAN VS. GUARDIAN AKA GUARDIAN LIFE INSURANCE CO

Page 1 of 1
Appendix to Notice of Removal
eFile

Filed     21-CI-00691     12/03/2021     Herbert McKee, Jr. Henderson Circuit Clerk

COMMONWEALTH OF KENTUCKY
HENDERSON CIRCUIT COURT
CIVIL ACTION NO. _____

RYAN CURTIS, as Administrator
   of the Estates of Karin G. Curtis and Jay Curtis     PLAINTIFF

vs.     **COMPLAINT**

GUARDIAN a.k.a.
GUARDIAN LIFE INSURANCE COMPANY     DEFENDANT

Serve at:

GUARDIAN LIFE INSURANCE COMPANY
P.O. Box 14443
Lexington, Kentucky 40512;

GUARDIAN LIFE INSURANCE COMPANY
P.O. Box 14319
Lexington, Kentucky 40512;

and

GUARDIAN LIFE INSURANCE COMPANY
7 Hanover Square
MS H-20-B
New York, New York 1004-2616

Plaintiff, Ryan Curtis, as Administrator of the Estate of Karin G. Curtis (hereinafter "Plaintiff"), for his complaint against the defendant states as follows:

### NATURE OF THE CLAIM

1. This is an action to recover life insurance benefits, punitive damages, attorneys fees, and costs related to the death of Plaintiff's father, Jay Curtis, who is also the spouse of Plaintiff's mother, Karin G. Curtis. In addition, this is an action for unjust enrichment, consumer protection and insurance bad faith brought against Guardian a.k.a. Guardian Life Insurance Company by Plaintiff relating to life insurance secured by his father, Jay Curtis on Jay Curtis's life. The Defendants'



conduct has caused the Estate Plaintiff is administering and Estate from which Plaintiff is a beneficiary of, to suffer damages.

## JURISDICTION AND PARTIES

2.    Plaintiff, Ryan Curtis, is an individual and resident of Warren County, Kentucky.

3.    Plaintiff's father, the deceased with the life insurance policy with Defendant, was Jay Curtis. Jay Curtis was a resident of Henderson County, Kentucky. A probate case is currently pending for his Estate in the Henderson District Court, and Ryan Curtis is the Administrator of his Estate. Jay Curtis passed away on December 27, 2020.

4.    Plaintiff's mother, Karin G. Curtis, was the spouse of Jay Curtis and also was a resident of Henderson County, Kentucky. A probate case is currently pending for her Estate in the Henderson District Court, and Ryan Curtis is the Administrator of her Estate. Karin G. Curtis passed away on January 14, 2021.

5.    Ryan Curtis and his brother, Tim Curtis, are the sole beneficiaries of the Estates of Karin G. Curtis and Jay Curtis.

6.    Defendant Guardian a.k.a. Guardian Life Insurance Company is an insurance company that provided life insurance to Jay Curtis on his life. Upon information and belief, the policy in question had Karin G. Curtis listed as the beneficiary of said policy.

7.    The Undersigned cannot find Defendant Guardian a.k.a. Guardian Life Insurance Company (hereinafter referred to as "Guardian" in the Kentucky Secretary of State Database, so its precise status and organization, along with its authority to operate within the Commonwealth of Kentucky is unclear. However, upon information and belief, its principal office appears to be in New York, New York and further, it is appearing to be locally operating out of P.O. Box 14319,

2

Lexington, Kentucky 40512 and P.O. Box 14443 in Lexington, Kentucky 40512.

8. This Court has personal jurisdiction over Defendant and subject matter jurisdiction over this action. Venue is appropriate in the Henderson Circuit Court and the amount in controversy exceeds the minimal jurisdictional requirement of this court.

## FACTS

9. During his life, Jay Curtis was an employee of OnTime Heating & AC Inc., a corporation located at 2107 Airline Road in Henderson, Kentucky 42420.

10. On January 25, 2017, Jay Curtis enrolled in a life insurance policy with Guardian through his employment. See attached Exhibit A, which is incorporated by reference.

11. Jay Curtis, through his employment, retained this life insurance policy with Guardian until he passed away on December 27, 2020.

12. After Jay Curtis passed away, on January 7, 2021, Karin G. Curtis, his spouse and named beneficiary, complete a claim form to claim the life insurance benefit. See attached Exhibit B, which is incorporated by reference.

13. After Karin G. Curtis passed away, Ryan Curtis, as Administrator of Karin G. Curtis's Estate, continued in claiming the life insurance benefit related to his father, Jay Curtis's life and death.

14. After various levels of administrative appeals, Guardian ultimately denied the life insurance benefit claim, by finding that Jay Curtis "was not covered for Basic Term Life Insurance under the terms of the Plan." Guardian's finding was based upon its conclusion that, for an employee to be eligible for coverage, the employee "must be an active full-time employee." See attached Exhibit C, which is incorporated by reference.

15. Jay Curtis paid premiums, or had them taken out of his paychecks, or had his

3



employer cover his premiums for life insurance on his life from the time his enrollment was effective in in February 2017 until his death in December 2020. Jay Curtis believed and understood his family to have a life insurance policy on his life.

16. Guardian never rejected coverage and continued collecting premiums from the life insurance policy on Jay Curtis's life from February 2017 until he passed away.

17. Jay Curtis's family sought to collect the life insurance benefit he had been paying premiums for related to his life.

18. Guardian ultimately rejected coverage in November 2021. See attached Exhibit C, which is incorporated by reference.

19. Guardian was aware of, or should have been aware of, Jay Curtis's employment status, if that was a condition for eligibility on a policy it sold to him, as it continued allowing him to be covered and continued collecting premiums related to his life throughout his life until his death.

20. Guardian had a duty to warn Jay Curtis that the policy for life insurance on his life would not serve its purpose upon his death.

21. By denying the death benefits owed to related to the life insurance policy, Guardian violated the Kentucky Consumer Protection Act, KRS Chapter 367 in its entirety.

22. By denying the death benefits owed related to the policy, Guardian has performed unfair claims settlement practices. *See* KRS 304.12-230, et seq.

23. It is unconscionable for Guardian to deny the death benefits for the policy it issued and maintained for Jay Curtis's life. At all times before and after the effective date until issuing its denial letter, Guardian led Jay Curtis to believe that he had life insurance coverage for which he or his employer properly and timely remitted payment.

4

Filed          21-CI-00691     12/03/2021      Herbert McKee, Jr. Henderson Circuit Clerk

Page 6 of 7

LD20211208090000015003 12/8/2021 10:30:00 AM

24. Guardian had a duty to reject coverage, within a reasonable time after a reasonable investigation, on Jay Curtis's life in the event that the policy Jay Curtis had purchased for such did not apply in the event of his death. The policy provision making the policies application ineffective is unconscionable.

25. Guardian denied Jay Curtis the opportunity to seek out other life insurance policies on his life by providing him with the false sense of security that Jay Curtis had a life insurance policy on his life.

26. Guardian's actions described herein were malicious, oppressive, or fraudulent.

27. Guardian, through itself or its agents, fraudulently misrepresented to Jay Curtis that his life insurance policy would provide a death benefit to his named beneficiaries.

28. Guardian was unjustly enriched by collecting premiums for a life insurance policy on Jay Curtis's life that it now claims Jay Curtis was not eligible to receive.

WHEREFORE, Plaintiff demands:

1. Judgment against Guardian in an amount that will fairly and reasonably compensate him for the harm and damage caused by Guardian's actions, including the death benefit due, compensatory damages, attorneys fees, punitive damages, damages owed pursuant to the unfair claims settlement practices statutes, damages owed pursuant to the Kentucky consumer protection statutes, appropriate pre-judgment and post-judgment interest on all sums owed, and any other damages available.

2. For costs herein expended, including attorneys' fees and court costs.

3. Trial by jury.

4. All other relief to which they may be entitled.

5



Filed                21-CI-00691          12/03/2021          Herbert McKee, Jr. Henderson Circuit Clerk

Date: 12/3/21

        Respectfully,

        Vowels Law PLC
        126 North Main Street
        P.O. Box 2082
        Henderson, Kentucky 42419-2082
        Telephone: (270) 831-0805

        By: /s/Austin P. Vowels
                Austin P. Vowels

6

Filed                21-CI-00691          12/03/2021          Herbert McKee, Jr. Henderson Circuit Clerk

Appendix to Notice of Removal